UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.   § | Criminal No.: H-21-155-S |
| § | |
| DAVID FELT, § | |
| Defendant   § | |

**Plea Agreement**

The United States of America, by and through Jennifer B. Lowery, United States Attorney for the Southern District of Texas, and Assistant U.S. Attorneys Charles J. Escher and Quincy L. Ollison, and the defendant, David Felt, and defendant's counsel, David M. Garvin, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(C) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**Defendant's Agreement**

1. Defendant agrees to plead guilty to Counts One and Seven of the Superseding Indictment in this case. Count One charges defendant with tax evasion, specifically evasion of payment, in violation of Title 26, United States Code, Section 7201. Count Seven charges defendant

1

with knowingly and fraudulently receiving a material amount of property from a debtor after the filing of a case under Title 11, United States Code, with intent to defeat the provisions of Title 11, in violation of Title 18, United States Code, Section 152(5). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment, proved to a jury, or proved beyond a reasonable doubt.

## Punishment Range

2. The statutory maximum penalty for a violation of Title 26, United States Code, Section 7201, is imprisonment of not more than five years and a fine of not more than $250,000. Similarly, the statutory maximum penalty for a violation of Title 18, United States Code, Section 152(5), is imprisonment of not more than five years and a fine of not more than $250,000. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, § 3013(a)(2)(A),

immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction (a total of $200 in this case). The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.  Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised defendant of the potential immigration consequences resulting from defendant's plea of guilty, and defendant affirms that he wants to plead guilty regardless of any

immigration consequences that may result from the guilty plea and conviction.

## Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford defendant the right to appeal the conviction and sentence imposed. Defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or to collaterally attack a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or to collaterally attack the conviction and sentence imposed, except that defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event the defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, defendant is aware that the Court has not yet determined defendant's sentence.

7. Defendant understands and agrees that any and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

### Agreement Binding - Southern District of Texas Only

8. The United States agrees that it will not further criminally prosecute defendant in the Southern District of Texas for offenses arising from the conduct investigated in this case.

### United States' Non-Waiver of Appeal

9. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the U.S. Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with defendant's counsel and the U.S. Probation Office;

    (d)    to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a); and

    (e)    to appeal the sentence imposed or the manner in which it was determined.

## Agreement of the Parties
## Under F.R.Cr.P. 11(c)(1)(C)

10. The parties agree under F.R.Cr.P. 11(c)(1)(C) that the appropriate sentence in this case is a sentence of 24 months, with the first 18 months to be served in a prison facility designated by the Bureau of Prisons and the remaining 6 months served in home confinement immediately thereafter, and an order for defendant to pay restitution to the IRS in the amount of $250,000.00. Defendant acknowledges and agrees that if the Court accepts this plea agreement, then the Court will sentence defendant to 24 months, with the first 18 months to be served in a prison facility designated by the Bureau of Prisons and the remaining 6 months in home confinement immediately thereafter, and will order defendant to pay restitution to the IRS of $250,000.00. The parties further agree to recommend that defendant be allowed to voluntarily surrender to the prison facility designated by

the Bureau of Prisons. The parties further agree that the United States will dismiss the original indictment and the remaining counts of the superseding indictment if the court accepts this plea agreement under F.R.Cr.P. 11(c)(1)(C) and if defendant persists in his plea of guilty. The United States will not further prosecute the defendant in this district for any conduct included in the investigation of the counts in the original indictment or in the superseding indictment. Moreover, if the Court accepts the plea agreement and so sentences defendant, the defendant will remain bound to fulfill all of the obligations under this plea agreement and cannot withdraw his guilty plea. However, if the Court rejects this plea agreement, defendant will have the opportunity to withdraw his plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d)(2)(A).

## Rights at Trial

11. Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

   (a)    If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if defendant, the United States, and the court all so agree.

   (b)    At a trial, the United States would be required to present witnesses and other evidence against defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, defendant could, but would not be required, to present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

   (c)    At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

12. Defendant is pleading guilty because he is guilty of Counts One and Seven of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of each offense beyond a reasonable doubt. The United States would offer following facts, among others, to establish defendant's guilt of tax evasion and of fraudulently receiving a material amount of property

from a debtor after the filing of a petition under Title 11, with intent to defeat the provisions of Title 11.

### Offense of Tax Evasion (Evasion of Payment)

Felt owed U.S. Individual Income Taxes of approximately $1,237,406.00 (not counting any potential carryback losses, if any) for years 1986, 1987, 1994, 1995, 1996, 1997, and 1998. From approximately September 1999 to the present, Felt willfully evaded payment of those income tax liabilities. From 2004 through 2014, Felt received over $4 million in income, none of which went to pay the income taxes Felt owed. In an interview with an IRS Collection Officer on or about April 16, 2015, Felt falsely stated that he had no significant assets or income and had no ownership interest in any businesses.

With regard to the tax evasion charge, Felt agrees to pay restitution to the IRS in the amount of **$250,000.00.**

### Offense of Fraudulently Receiving a Material Amount of Property from a Debtor

On May 1, 2017, Felt filed a petition in bankruptcy on behalf of Webster Restaurants, Ltd. (debtor). Felt testified that the debtor received rents of approximately $26,500 per month from another entity.

9

As disbursing agent for the debtor, Felt testified before the bankruptcy court on October 18, 2017, that no "insiders" would be paid from the estate of the debtor while the debtor paid its creditors. Felt also testified that he would pay additional personal funds, if needed, to keep the Debtor's Plan of Reorganization viable. Relying on Felt's testimony, the bankruptcy court on October 18, 2017, confirmed the Debtor's Plan of Reorganization. Felt, however, on July 1, 2019, filed monthly accounting reports for the debtor containing payments to insiders such as himself.

As noted above, defendant agrees to pay total restitution to the IRS of **$250,000.00**. The bankruptcy Trustee reports that no restitution is owed to the bankruptcy Trustee and that all creditors of the bankruptcy estate have been paid.

All of the above acts took place in the Southern District of Texas, Houston Division, and elsewhere.

### Breach of Plea Agreement

13. If defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be

released from its obligations under the Plea Agreement and defendant's plea and sentence will stand. If at any time defendant retains, conceals, or disposes of assets in violation of this Plea Agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution

14. This Plea Agreement is being entered into by the United States on the basis of defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets over $500 or take any action that would effect a transfer of property worth over $500 in which he has an interest, unless defendant obtains the prior written permission of the United States.

11

15. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to defendant's complete financial disclosure.

16. Defendant agrees to take all steps necessary to assist fully in the collection of restitution, including but not limited to surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

17. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that defendant will not attempt to

avoid or delay payment. Subject to the provisions of paragraph 5 above, defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

18. Defendant agrees to make any restitution payments ordered to the Clerk of Court, including on each payment the defendant's name, social security number, the district court's docket number assigned this case. The Clerk of Court shall send the restitution payments of **$250,000.00** to the IRS to be applied toward Felt's U.S. Individual Income Tax liabilities for 1986, 1987, 1994, 1995, 1996, 1997, and 1998. The Clerk of Court should send the restitution payments to the IRS at the following address, noting the years to which the restitution is to be applied:

> IRS-RACS
> Attn.: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

The defendant also agrees to send a notice of any restitution payment made to the Clerk of Court to the IRS at the above address. Defendant understands that under 26 U.S.C. 6201(a)(4), the IRS will use the

amount of restitution ordered as the basis for a civil assessment of taxes.

## Criminal Tax Loss and Civil Tax Liability

19. Defendant understands that the amount of agreed restitution regarding the tax evasion offense does not limit the IRS civilly in collecting the remaining taxes owed for years 1986, 1987, 1994, 1995, 1996, 1997, and 1998, plus interest and civil penalties as determined by the U.S. Tax Court for those years. Defendant further understands that the IRS is free to civilly audit any of defendant's U.S. Individual Income Tax Years other than 1986, 1987, 1994, 1995, 1996, 1997, and 1998 and may seek additional civil taxes, civil penalties, and interest for any of those income tax years.

20. Defendant agrees not to file any claim for refund of any amount ordered or paid in restitution owed the IRS in this case. Defendant further agrees not to file any action in a U.S. District Court, in the U.S. Tax Court, or in the U.S. Court of Federal Claims seeking a refund, offset, or other recovery of any amounts ordered or paid in restitution to the IRS in this case.

21. Defendant agrees to cooperate fully with the Internal Revenue Service in determining the correct civil tax liabilities of the income tax returns of any taxpayer involved in this investigation, along with all income tax returns of defendant himself. Defendant agrees to make all books, records, and documents in his possession, custody, or control available to the Internal Revenue Service for use in computing all civil tax liabilities of any taxpayers, including himself.

22. Nothing in this plea agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties, or interest due from any taxpayer. Defendant agrees that this plea agreement and any judgment, order, release, or satisfaction issued in connection with this plea agreement will not satisfy, settle, offset, or compromise defendant's obligation to the pay the balance of any civil liabilities, including additional taxes, penalties, or interest, on any of defendant's own U.S. Individual Income Tax Years.

## Complete Agreement

23. This written Plea Agreement, consisting of 19 pages,

including the attached addendum of defendant and of his attorney, constitutes the complete Plea Agreement between the United States, defendant, and his counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

24. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, this 9th day of May, 2022.

/s/ David Felt
David Felt
Defendant

Subscribed and sworn to before me on this 9th day of May, 2022.

Nathan Ochsner, Clerk
United States District Clerk

By: /s/ Joan Davenport
Deputy United States District Clerk

16

Approved:

JENNIFER B. LOWERY
United States Attorney

s/ Charles J. Escher
Charles J. Escher
Assistant U. S. Attorney
Southern District of Texas
Telephone: (713) 567-9716
Facsimile: (713) 718-3300

Quincy L. Ollison
Quincy L. Ollison
Assistant U. S. Attorney
Southern District of Texas
Telephone: (713) 567-9717
Facsimile: (713) 718-3300

DAVID M. GARVIN, PA
Attorney for David Felt

David M. Garvin
200 South Biscayne Blvd.
Suite 3150
Miami, FL 33131
Tel.: (305) 371-8101
Fax: (305) 371-8848

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | Cr. No.: H-21-155-S |
| | § | |
| DAVID FELT,<br>    Defendant | § §<br>§ | |

**Plea Agreement Addendum**

I have fully explained to defendant his rights with respect to the pending Indictment and Superseding Indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements,</u> and I have fully and carefully explained to defendant the provisions of those Guidelines which may apply in this case. I have also explained to defendant that the Sentencing Guidelines are only advisory and the court may sentence defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this

Agreement is an informed and voluntary one.

_____    _5-9_____, 2022
David M. Garvin
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the Indictment and Superseding Indictment pending against me.   My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case.   I have read and carefully reviewed every part of this Plea Agreement with my attorney.   I understand this Agreement and I voluntarily agree to its terms.

_____    _5-9_____, 2022
David Felt
Defendant